SCHRADER & EHLERS v. UNITED STATES.

(Circuit Court, S. D. New York. July 1, 1910.)

No. 5,178.

CUSTOMS DUTIES (§ 26*) — CLASSIFICATION — "PENHOLDERS" — INCOMPLETE FOUNTAIN PENS.

Fountain pens without the pen points are not "penholders," within the meaning of Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 187, 30 Stat. 166 (U. S. Comp. St. 1901, p. 1645).

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 26.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below related to articles which were claimed by the importers to be dutiable as "penholders," under Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 187, 30 Stat. 166 (U. S. Comp. St. 1901, p. 1645). The Board of General Appraisers overruled this contention, holding that the articles had been properly assessed as manufactures of hard rubber, under Schedule N, par. 450, 30 Stat. 193 (U. S. Comp. St. 1901, p. 1678), of said act.

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for importers.

D. Frank Lloyd, Asst. Atty. Gen. (Charles D. Lawrence, Sp. Atty., of counsel), for the United States.

HAZEL, District Judge. The articles in question are fountain pens without the pen points, and not "penholders," as that term is commonly understood in trade and commerce. According to the Century Dictionary a penholder consists of—

"A holder for pens or pen points; a handle or stock, with a device for retaining the pen; usually socket of metal."

There is no satisfactory evidence in the record to show that the article has any different commercial understanding. Duty was properly assessed at 35 per cent. ad valorem, under paragraph 450 of the tariff act of 1897, as manufactures of hard rubber.

The decision of the Board is affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes